10-3815-cv
*Desir v. City of New York et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand eleven.

PRESENT:

JOHN M. WALKER, Jr.,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

PAUL DESIR,

*Plaintiff-Appellant*,

- v. -                                                    No. 10-3815-cv

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; SHARYN C.
BURNETT; RICHARD COOPERMAN; and
GEORGE LOMBARDI,

*Defendants-Appellees.*

_____

ALAN E. WOLIN, Wolin & Wolin, Jericho, NY, *for Plaintiff-Appellant*.

1

MICHAEL A. CARDOZO (Kristin M. Helmers and Janet L. Zaleon, *on the brief*), Corporation Counsel of the City of New York, New York, NY, *for Defendants-Appellees.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Paul Desir ("Desir") appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*) granting summary judgment to Defendants-Appellees New York City Department of Education ("Department of Education"), Sharyn C. Burnett ("Burnett"), Richard Cooperman ("Cooperman") and George Lombardi ("Lombardi").[1] Desir alleged discrimination and unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; race discrimination and retaliation in violation of the New York State Executive Law and the New York City Administrative Code; and violations of his constitutional rights to free speech, equal protection, and substantive and procedural due process under the First, Fifth, and Fourteenth Amendments. By Memorandum and Order of August 24, 2010, the district court granted the Defendants-Appellees' motion for summary judgment on Desir's federal claims and declined to exercise supplemental jurisdiction over Desir's state law claims. Desir timely appealed on September 20, 2010. We assume the parties' familiarity with the underlying facts and procedural history.

\* \* \*

[1] The district court dismissed defendant City of New York (the "City") from the action, reasoning that the Department of Education, rather than the City, was Desir's direct employer. The district court also dismissed the Title VII claims against Cooperman, Lombardi, and Burnett on the ground that individuals are not subject to liability under Title VII. Desir does not challenge either of these rulings on appeal.

2

We review *de novo* a district court's order granting summary judgment. *Molinari v. Bloomberg*, 564 F.3d 587, 595 (2d Cir. 2009). Summary judgment "is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *10 Ellicott Square Court Corp. V. Mtn. Valley Indem. Co.*, 634 F.3d 112, 119 (2d Cir. 2011) (internal quotation marks omitted). The burden is on the moving party to demonstrate that no genuine issue respecting any material fact exists. *Id.* In reviewing a court's decision granting summary judgment, the appellate court must consider "the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 187 (2d Cir. 2006). "Nevertheless, the non[-]moving party must come forward with specific facts showing that there is a genuine issue of material fact for trial." *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir. 2003). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Id.* (internal quotation marks omitted); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) ("[U]nsupported allegations do not create a material issue of fact.").

When deciding whether summary judgment should be granted in a discrimination case, we must take additional considerations into account. *Gallo*, 22 F.3d at 1224. "A trial court must be cautious about granting summary judgment to an employer when, as here, its intent is at issue." *Id.* "[A]ffidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Id.* Summary judgment remains appropriate in discrimination cases, as "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to . . . other areas of

3

litigation." *Weinstock*, 224 F.3d at 41 (internal quotation marks omitted); *see also Abdu-Brisson v. Delta Air Lines*, *Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases."). Finally, we are free to affirm a district court's grant of summary judgment "on any ground fairly supported by the record," including "for different reasons than those relied upon by the district court." *Abdu-Brisson*, 239 F.3d at 466.

### A. Desir's Discrimination Claim

On appeal, Desir argues that the district court erred in granting summary judgment to the Defendants-Appellees on his discrimination claim because disputed issues of material fact exist as to whether he was subject to unlawful discrimination. We examine discrimination claims brought pursuant to Title VII under the burden-shifting analysis articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). *See, e.g.*, *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination. 411 U.S. at 802. To do so, the plaintiff must demonstrate that: 1) he was in a protected group; 2) he was qualified for the position; 3) he was subject to an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Terry v. Ashcroft*, 336 F.3d 128, 137-38 (2d Cir. 2003); *Collins v. N.Y. City Trans. Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). We have held that the plaintiff's burden of proof at this stage is *de minimis*. *Weinstock*, 224 F.3d at 42.

Once the plaintiff has established a *prima facie* case of discrimination, the burden then shifts to the employer to articulate a "legitimate, nondiscriminatory reason" for the employment

4

action. *McDonnell Douglas*, 411 U.S. at 802. In other words, "[t]he defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993) (internal quotation marks omitted).

Upon the defendant's proffer of such a reason, the presumption of discrimination arising with the *prima facie* case "drops from the picture." *Weinstock*, 224 F.3d at 42 (citing *St. Mary's Honor Ctr.*, 509 U.S. at 510-11). The plaintiff must then establish that the defendant's proffered reason is a mere pretext for actual discrimination. *See McDonnell Douglas*, 411 U.S. at 804; *Weinstock*, 224 F.3d at 42. The plaintiff must produce "sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons" presented by the defendant were false, and that "more likely than not discrimination was the real reason for the employment action." *Weinstock*, 224 F.3d at 42 (internal quotation marks and alterations omitted). "In short, the question becomes whether the evidence, taken as a whole, supports a sufficient rational inference of discrimination." *Id.* "It is not enough . . . to disbelieve the employer; the factfinder must [also] believe the plaintiff's explanation of intentional discrimination." *St. Mary's Honor Ctr.*, 509 U.S. at 519 (emphasis omitted).

Desir has failed to raise an inference of discrimination by showing that he was treated differently than similarly situated home instruction teachers. "A showing of disparate treatment–that is, a showing that the employer treated plaintiff less favorably than a similarly situated employee outside his protected group – is a recognized method of raising an inference of discrimination for the purposes of making out a *prima facie* case." *Mandell v. Cnty. of Suffolk*,

316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). "An employee is similarly situated to co-employees if they were (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct." *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010) (internal quotation marks omitted). Desir principally relies on the fact that he was both the only African-American teacher of the five who received unsatisfactory ratings for the 2004-2005 school year and the only one of those five who was fired. Desir does not dispute, however, that the four Caucasian teachers who received unsatisfactory ratings were all tenured, while Desir held a probationary position and could be fired at-will. Thus, the four Caucasian teachers were *not* "subject to the same performance evaluation and discipline standards" as Desir. *See id*. Further, Desir has not presented any evidence to show that the conduct for which the other four teachers were sanctioned was similar to the conduct he engaged in. Instead, he offers only the conclusory assertion that the four instructors "committed far more egregious acts" than Desir. This will not suffice to demonstrate that the four instructors engaged in comparable conduct.

Moreover, even assuming that Desir has established a *prima facie* case of discrimination, he has failed to demonstrate that the non-discriminatory reasons put forth by the Defendants-Appellees were pretextual. Beginning shortly after Desir was hired as a home instruction teacher on September 7, 2004 and continuing throughout the school year, Cooperman issued a series of letters documenting deficiencies in Desir's performance. These letters consistently identify the same flaws in Desir's performance: failure to accurately log teaching hours, failure to report absences, and failure to call in cancellations to the home office. Desir has not shown why this substantial record should be considered merely a pretext for discriminatory motives. In sum,

Desir has failed to submit evidence providing any basis on which a reasonable jury could conclude that he suffered adverse employment actions as a result of discriminatory animus. We therefore find that the district court did not err in granting summary judgment to the Defendants-Appellees on Desir's discrimination claims.

### B. Desir's Retaliation Claim

Desir argues that the Defendants-Appellees unlawfully retaliated against him for complaining about his allegedly discriminatory treatment. We review Title VII retaliation claims under a four-step burden-shifting analysis similar to the *McDonnell Douglas* test for Title VII disparate treatment claims. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802-05). As with *McDonnell Douglas*, the plaintiff must first establish a *prima facie* case of retaliation by showing 1) participation in protected activity; 2) defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action. *Id.*; *see also Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006). The plaintiff's burden of proof as to this first step "has been characterized as 'minimal' and '*de minimis*.'" *Jute*, 420 F.3d at 173 (internal quotation marks omitted).

Desir fails to establish a *prima facie* case of retaliation because he has not shown a causal connection between the protected activity and the adverse employment action. The district court correctly noted that the only protected activity at issue here was the filing of complaints with the City's Office of Equal Opportunity and the Equal Employment Opportunity Commission in April 2005. Desir points to the short period of time between the filing of the complaints in April and his receipt of the unsatisfactory rating and firing in June of 2005 as evidence of a causal

7

connection between his complaints and his subsequent firing. But, as discussed above, the Defendants-Appellees documented their dissatisfaction with Desir's performance beginning well before the filing of the complaints in April. Thus, Desir has not met his initial burden of establishing a *prima facie* case of retaliation and his retaliation claim must fail.

### C. Desir's First Amendment Claim

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). "To constitute speech on a matter of public concern, an employee's expression must be fairly considered as relating to any matter of political, social, or other concern to the community. Speech that, although touching on a topic of general importance, primarily concerns an issue that is personal in nature and generally related to the speaker's own situation, such as his or her assignments, promotion, or salary, does not address matters of public concern." *Jackler v. Byrne*, No. 10-0859-cv, 2011 WL 2937279, at *8 (2d Cir. July 22, 2011) (citation omitted).

Desir has not shown that his complaints about his treatment by his home instruction supervisors addressed "matters of public concern." Although Desir argues he addressed organizational problems with the home instruction program and not just personal matters, his speech fundamentally concerned his own entitlement to privileges as a home instructor and therefore cannot be considered to have encompassed matters of public concern.[2] Accordingly, the district court correctly concluded that Desir's First Amendment claim fails as a matter of law.

---

[2]To the extent that Desir identifies statements he made concerning the treatment of other instructors in the program, those remarks were made in his official capacity and thus do not receive protection under the First Amendment. *See Garcetti*, 547 U.S. at 424 (holding that the "First Amendment does not prohibit managerial discipline based on an employee's expressions made pursuant to official responsibilities").

### D. Desir's Procedural Due Process Claim

Desir claims that he was deprived of his right to a hearing prior to his termination.[3] The record is clear, however, that Desir was a probationary teacher at the time of his termination. Desir therefore had no Fourteenth Amendment property interest in his position. *See Segal v. City of New York*, 459 F.3d 207, 212 (2d Cir. 2006) (noting that an at-will government employee has no property interest in continued employment). Desir claims that he had achieved tenure by virtue of his years of service as a probationary teacher and a substitute teacher. He was afforded an opportunity to present this claim in an Article 78 proceeding and it was denied. *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (finding Article 78 proceeding to be a "perfectly adequate postdeprivation remedy"). Accordingly, the district court properly dismissed Desir's procedural due process claim.

### E. Desir's Equal Protection Claim

To assert a claim for municipal liability under § 1983, a plaintiff must produce evidence showing "(1) an official policy or custom that (2) cause[d him] to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007). Here, Desir has alleged only that Cooperman and Lombardi fired him improperly; he pled no facts, nor offered any evidence, to show that these actions occurred pursuant to a Department of Education policy or practice. The district court therefore properly concluded that Desir's equal protection claim fails as a matter of law.

---

[3]Desir does not challenge the district court's dismissal of his substantive due process claim on appeal.

9

*F.  Conclusion*

We have reviewed the parties' remaining arguments and find them to be moot, waived, or without merit.  *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).  The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk